United States District Court
Southern District of Texas
**ENTERED**
December 09, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENNEROLL HOLDINGS PTY LIMITED, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-740 |
| CHIRODESIGN GROUP, LLC, *et al*, | § § § | |
| Defendants. | § § § | |

## ORDER

Before the Court is Defendants' Motion for Partial Summary Judgment on Non-Infringement (Doc. No. 36). The central dispute in this motion is over the meaning of the claim term "orthogonal" in U.S. Patent No. 8,713,732 (the "'732 patent"). *See* '732 patent, col. 6, lines 4-6 ("at least one of the lateral side faces and each of the terminal ends defining a plane orthogonal to a plane defined by the base").

Both parties agree that the generic dictionary definition of "orthogonal" is "perpendicular." *See* Defs.' Mot. P. Summ. J. 15 (Doc. No. 36) ("Structures that are orthogonal are perpendicular to, or at 90° angles of, each other"); *id.* (collecting dictionary definitions); Pls.' Resp. Opp. Defs.' Mot. P. Summ. J. 15 (Doc. No. 47) (discussing "the analogous term 'perpendicular'"); Pls.' Claim Construction Br. 18 (Doc. No. 67) ("The term 'perpendicular' is just a synonym for 'orthogonal'. . . ."). But of course, when a Court considers the meaning of a term in a claim limitation, it is not the generic or abstract definition of the term that governs. Rather, the Court must determine "how a person of ordinary skill in the art" would understand the claim term, "in the context of the particular claim in which the disputed term appears" and "in the context of the entire patent, including the specification." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005). When read in the particular context of the '732 patent and from the

perspective of a person of ordinary skill in the art, the term "orthogonal," according to the parties, could mean one of two things. Plaintiffs argue that, "to the extent 'orthogonal' is construed in some fashion, such a construction should allow some deviation from exactly 90 degrees." Pls.' Claim Construction Br. 19 (Doc. No. 67); *see also* Pls.' Resp. Opp. Defs.' Mot. P. Summ. J. 4, 15-18 (Doc. No. 47) (arguing that "orthogonal" means "generally orthogonal" and its "meaning is not limited to exactly 90°"). Defendants, on the other hand, contend that "orthogonal" means that "two planes are oriented . . . 90 degrees to each other." Defs.' Resp. Claim Construction Br. 16 (Doc. No. 71); *see also* Defs.' Mot. P. Summ. J. 15 (Doc. No. 36). Defendants' proposed construction of "orthogonal" thus requires a level of mathematical exactitude—i.e., that the sides and the base must meet at precisely a 90 degree angle—that Plaintiffs' understanding of the term does not require.

While the parties disagree as to the meaning of "orthogonal," both parties have suggested that the Court decide the term's meaning prior to, or without having, the *Markman* hearing. See Pls.' Claim Construction Br. ("No construction [of the term 'orthogonal' is] needed"); Pls.' Resp. Opp. Defs.' Mot. P. Summ. J. 17 (Doc. No. 47) ("[T]he Court should decline to construe the term and order that it be given its plain and ordinary meaning."); Defs.' Mot. P. Summ. J. 14-16 (Doc. No. 36). After carefully considering the parties' briefs, the Court has decided against this approach. The Court finds it necessary to construe the term "orthogonal," not only because the parties vigorously dispute the meaning of this claim limitation, but also because both of the proposed definitions appear plausible. Moreover, the Court recognizes that its decision as to the meaning of the term "orthogonal" has the potential to dispose of Plaintiffs' entire infringement claim. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 996 n.7 (Fed. Cir. 1995) ("A claim must be construed before . . . deciding infringement."); *Anchor Wall Systems, Inc. v. Rockwood Retaining Walls, Inc.*, 340 F.3d 1298, 1311 (Fed. Cir. 2003) (vacating summary

judgment on issue of infringement due to district court's failure to construe the only disputed claim limitation in one of the patents); *Allen Engineering Corp. v. Bartell Industries, Inc.*, 299 F.3d 1336, 1345–46 (Fed. Cir. 2002) (same). The Court further believes that the *Markman* hearing will assist the Court in reaching the proper construction of "orthogonal." Accordingly, the Court will defer ruling on Defendants' Motion for Partial Summary Judgment on Non-Infringement until after the *Markman* hearing, currently set for January 7, 2016. *See CollegeNet, Inc. v. ApplyYourself, Inc.*, 418 F.3d 1225, 1234 (Fed. Cir. 2005) ("The trial court has discretion to develop the record fully and decide when the record is adequate to construe the claims."); *Metaullics Systems Co., L.P. v. Cooper*, 100 F.3d 938, 939 (Fed. Cir. 1996) ("[Judges] are likely to construe claims better when considering, rather than wanting, a developed record. To construe claims prematurely . . . would undermine the wisdom of reserving claim construction for judges."); PATENT RULE 1-2(c) ("If any motion filed before the Claim Construction Hearing raises claim construction issues, the presiding judge may, for good cause, defer the motion until after the parties' disclosures or filings for the Claim Construction Hearing.").

Because the Court will not decide the instant motion until after the *Markman* hearing, the Court is of the view that Plaintiffs' Motion for Leave to File a Surreply in Opposition to Defendants' Motion for Partial Summary Judgment on Non-Infringement (Doc. No. 60) should be, and hereby is, **GRANTED**. The Clerk shall enter the Surreply (Doc. Nos. 60-1, 60-2, 60-3, and 61) into the record. Defendants may file, by December 22, 2015, whatever response to the Surreply they deem appropriate.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 9th day of December, 2015.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE